# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | | |
|---|---|---|
| NCMIC INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MICHELLE PARA, TERRY W. SHAW, D.C., PRIMARY CARE PHYSICIANS, S.C., ARTHUR AARON TUCKER, DAVID SPEER, JAMES C. MONEY and MINDY DOELLMAN, | ) | |
| | ) | |
| Defendants, | ) | NO. 17-3066 |
| | ) | |
| and | ) | |
| | ) | |
| MICHELLE PARA, TERRY W. SHAW, D.C., PRIMARY CARE PHYSICIANS, S.C., and MINDY DOELLMAN, | ) | |
| | ) | |
| Counterclaim Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NCMIC INSURANCE COMPANY, | ) | |
| | ) | |
| Counterclaim Defendant. | ) | |

# **OPINION**

This case is before the Court on the motion of the Plaintiff/Counter-Defendant to dismiss the affirmative defenses and Count IV of the counterclaim of the Defendants/Counter-Claimants.

I.

This is a declaratory judgment action. Plaintiff NCMIC Insurance Company filed its amended complaint on July 25, 2017 and, on August 11, 2017, Defendants Michelle Para, Terry W. Shaw, D.C., Primary Care Physicians, S.C. and Mindy Doellman filed an answer to the amended complaint, affirmative defenses and a counterclaim.

In its motion, NCMIC states that it is filing an answer to Counts I, II, III and V of the counterclaim. Its motion to dismiss is directed at the affirmative defenses and Count IV of the counterclaim. NCMIC claims that the affirmative defense of unjust enrichment fails to state a claim upon which relief may be granted. Moreover, the estoppel affirmative defense fails because the Counter-claimants do not allege the material elements. NCMIC further asserts that Count IV, which alleges negligent misrepresentation, must be dismissed for failure to state a claim upon which relief may be granted.

Under Rule 12(f) of the Federal Rules of Civil Procedure, a court may strike an "insufficient defense." NCMIC asserts the affirmative defense, which merely alleges that "Plaintiffs' claims are barred in whole or in part by the doctrine of estoppel," fails to allege any of the elements and should be stricken on that basis. In their response, the Counter-claimants assert they are "alleging estoppel because Plaintiff failed to inform the Defendant that the MD coverage had been excluded from

2

the policy, despite having always been included previously." Given that the counter-claimants have now provided some detail as to the basis of the counterclaim, the Court declines to declines to strike the first affirmative defense.

NCMIC notes that the Counter-claimants' allegation relating to unjust enrichment is that "Plaintiff's retention of the premiums paid by Defendants for insurance coverage would be unjust if Plaintiff refuses to acknowledge its obligation to Defendants under the policy." NCMIC alleges this fails to state a viable claim because, under Illinois law, a claim for unjust enrichment is based on implied or quasi contract and cannot be maintained where there is an express contract between the parties. "Because unjust enrichment is based on an implied contract, where there is a specific contract which governs the relationship of the parties, the doctrine of unjust enrichment has no application.." *People ex rel. Hartigan v. E & E Hauling, Inc.*, 153 Ill.2d 473, 496 (1992) (internal quotation marks and citation omitted). Because Counts I-III of their counterclaim assert claims for breach of an express contract, NCMIC contends the counter-claimants cannot maintain a claim based on unjust enrichment.

Certainly, the counter-claimants are not entitled to recover pursuant to both the doctrine of unjust enrichment and a breach of contract theory. Accordingly, it appears likely that the unjust enrichment claim ultimately will fail. However, given that this case is at the pleading stage and parties generally are not prohibited from

3

pleading alternative theories, the Court at this time declines to strike or dismiss the affirmative defense of unjust enrichment.

II.

In Count IV of their counterclaim, the Counter-claimants allege that NCMIC committed negligent misrepresentation by negligently making inaccurate statements regarding the terms of the policy's coverage. The 2013-14 Policy included a Professional Entity with MD/DO Endorsement on the Declaration Page. The Counter-claimants allege this was removed and/or otherwise deleted without the knowledge of the Counter-claimants. Counter-claimant Terry W. Shaw, D.C., claims that he never received notification that entity coverage would be removed. Moreover the statements, representations and conduct of NCMIC and its agents and/or employees led the Counter-claimants to believe coverage existed under all subsequent policies, including the policies at issue in other lawsuits. The Counter-claimants further assert that because of NCMIC's and its agents and/or employees' negligent misrepresentations, the Counter-claimants have incurred expenses and costs in defending certain lawsuits, which they otherwise would not have incurred.

In support of the motion to dismiss, NCMIC alleges that Count IV does not include any particular misrepresentation by NCMIC concerning the provisions of any policy. Moreover, the Economic Loss Rule precludes an insured from maintaining a negligent misrepresentation claim against an insurer. In *Moorman Manufacturing*

*Co. v. National Tank Co.*, 91 Ill.2d 69 (1982), the Illinois Supreme Court noted that purely economic loss was generally not recoverable in tort and that contract law was the appropriate remedy. *See id.* at 81. Accordingly, a party "cannot recover for solely economic loss under the tort theories of strict liability, negligence and innocent misrepresentation." *Id.* at 91. The court recognized three exceptions to the Economic Loss Rule: (1) when the plaintiff seeks damages for personal injury or property damage from a sudden or calamitous occurrence; (2) the plaintiff's damages are caused by an intentional, false representation; and (3) the plaintiff's damages are caused by the negligent misrepresentation of a defendant in the business of supplying information for the guidance of others in their business transactions. *See id.* at 86-89.

NCMIC alleges that the Counter-claimants cannot maintain a negligent misrepresentation action here because an insurer is not in the business of providing information to others for guidance in their business transactions. The Illinois Supreme Court has held "a title insurer is not in the business of supplying information when it issues a title commitment or a policy of title insurance and, accordingly, the negligent misrepresentation exception to the *Moorman* doctrine does not apply." *First Midwest Bank, N.A. v. Stewart Title Guar. Co.*, 218 Ill.2d 326, 341 (2006). "The scope of a title insurer's liability is properly defined by contract." *Id.*

Although the Counter-claimants allege they are seeking a declaration of rights and damages pursuant to an insurance policy, that policy is a contract which defines

5

the scope of any liability. The Economic Loss Rule precludes a negligent misrepresentation claim in this case.

The Court concludes that, like a title insurer, a malpractice insurer is not supplying information when it issues an insurance policy. Because NCMIC's liability is properly defined by contract, the negligent misrepresentation exception to the *Moorman* doctrine does not apply. Accordingly, the Counter-claimants cannot maintain an action against NCMIC for negligent misrepresentation.

<u>Ergo</u>, the Motion of Plaintiff/Counter-Defendant NCMIC Insurance Company [d/e 30] is ALLOWED in part and DENIED.

The Motion to Strike or Dismiss the Affirmative Defenses contained in the Counterclaim is DENIED.

The Motion to Dismiss Count IV of the Counterclaim filed by Defendants/Counter-plaintiffs is ALLOWED.

ENTER: January 8, 2018

       FOR THE COURT:

                           /s/ *Richard Mills*
                        Richard Mills
                        United States District Judge